UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES THOMAS DR.,MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:14-cv-00130-SEB-TAB |
| | ) | |
| EMCARE, INC., | ) | |
| CONSTITUTION ELM EMERGENCY | ) | |
| PHYSICIANS, LLC, | ) | |
| HARRISON COUNTY HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT HOSPITAL'S MOTION TO DISMISS**

This cause is before the Court on Defendant Harrison County Hospital's ("Hospital") Motion to Dismiss [Docket No. 15], filed on January 20, 2015. Plaintiff Dr. James Thomas, MD filed his Complaint on December 1, 2014 against EmCare, Inc. ("EmCare"), Constitutional Elm Emergency Physicians, LLC ("Constitutional Elm"), and Harrison County Hospital, alleging that Defendants violated the False Claims Act, 31 U.S.C. § 3730(h), and the Indiana False Claims Act, Ind. Code § 5-11-5.5-1. Dkt. 1. The Hospital has moved to dismiss Dr. Thomas's Complaint for failure to state a claim on which relief can be granted. Dkt. 15. For the reasons explained below, we DENY the Hospital's Motion to Dismiss.

**Factual Background**

Dr. Thomas commenced employment as an Emergency Room Physician at the Harrison County Hospital in June of 2014.[1] Compl. ¶¶ 6. At all relevant times, Dr. Thomas reported to the Hospital's Emergency Room Director, Dr. Scott Cobel. *Id.* at ¶ 10. Throughout his employment, Dr. Thomas complained both verbally and in writing to Dr. Cobel about issues regarding patient tests and admission procedures in the Hospital. *Id.* at ¶ 12. His complaints included concerns relating to Medicaid, Medicare, and other insurance fraud. *Id.* at ¶ 13. Dr. Thomas had requested that Dr. Cobel inform the EmCare Regional Director, Dr. Ed Stone, of his complaints, and, on September 7, 2014, taking matters into his own hands, Dr. Thomas forwarded certain of his written complaints to Dr. Stone. *Id.* at ¶¶ 14, 15.

Five days after Dr. Thomas forwarded these complaints to Dr. Stone, on September 12, 2014, he received a call from Dr. Stone informing him that his employment as an Emergency Room Physician was being terminated. *Id.* at ¶ 16. A termination letter dated September 8, 2014, from Defendants was received by Dr. Thomas on September 26, 2014. The termination letter was written the day after Dr. Thomas had voiced his complaints to the EmCare Regional Director. *Id.* at ¶ 17.

---

[1] The details of Plaintiff's employment relationship with each of the three defendants has not been explained by the parties. Dr. Thomas alleges that "Defendants hired Thomas in June 2014." Compl. at ¶ 6. Although EmCare and Constitutional Elm dispute the nature of their contractual relationship with Dr. Thomas in their Answer, Dkt. 25, the Hospital has omitted any reference or challenge to its employment relationship with Dr. Thomas. We therefore accept Dr. Thomas's statement that Defendants, including the Hospital, hired him in June of 2014 and fired him in September of 2014 as true for the purposes of this motion.

During his employment with Defendants, Dr. Thomas alleges that he received no complaints about his job performance from EmCare, Constitutional Elm, Harrison County Hospital, nor did any of his co-workers complain of his work. *Id.* at ¶ 11. Dr. Thomas says that he believes that he had always met Defendants' legitimate employment expectations. *Id.* at ¶ 7. Defendants never provided Dr. Thomas with an explanation of his termination. *Id.* at ¶ 18.

Dr. Thomas now brings suit under the anti-retaliation provisions of the federal False Claims Act, 31 U.S.C. § 3730(h), and the Indiana False Claims Act, Ind. Code § 5-11-5.5-8(a), alleging that he was terminated in retaliation for his complaints concerning violations of the FCA. Compl. at ¶¶ 24, 30. The Hospital has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against it. Dkt. 15.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly v. Bell Atlantic Corp.,* 550 U.S. 544, 563 (2007) (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994) ("At [the pleading] stage the plaintiff

receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")).

## Discussion

The Hospital argues in support of its motion to dismiss that Dr. Thomas has failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Dkt. 16 at 4. Alternatively, the Hospital asserts that Dr. Thomas's Complaint fails to meet the "plausibility" standard of Federal Rule of Civil Procedure 8(a). *Id.* at 6.

Thus, as a threshold issue we must decide whether a claim for retaliatory discharge under the False Claims Act ("FCA") is subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard or whether Rule 8's pleading requirements govern this claim.[2] Thereafter, we will address the sufficiency of the factual averments in the Complaint.

### I. The Applicable Pleading Standard

The Hospital argues that the heightened pleading standards of Federal Rule of Civil Procedure 9(b), as opposed to the lesser standards of Rule 8(a), apply to Plaintiff's claim for retaliatory discharge because his Complaint "alleges fraud" under the FCA. Dkt. 25 at 2. Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In contrast, Rule

---

[2] Because the Indiana FCA "mirrors the Federal FCA in all material respects," our discussion of the FCA retaliation claim applies with equal force to Dr. Thomas's Indiana FCA retaliation claim. *See* Ind. Code § 5-11-5.5-8(a); *United States v. Indianapolis Neurosurgical Grp., Inc.*, 2013 WL 652538, at *7 (S.D. Ind. Feb. 21, 2013).

4

8(a) requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The Hospital is correct that the FCA is an anti-fraud statute and requires allegations of fraud; therefore complaints alleging an FCA violation must fulfill the requirements of Rule 9(b). *See United States ex rel. Gross v. Aids Research Alliance–Chicago,* 415 F.3d 601, 604 (7th Cir. 2005). However, Dr. Thomas has alleged an FCA retaliation claim, not an FCA fraud claim. The Seventh Circuit has not addressed whether Rule 9(b) applies to retaliatory discharge claims brought under § 3730(h) of the FCA. Nevertheless, other courts across the country, including every federal circuit court of appeals to address this issue, have reached the conclusion that retaliatory discharge claims under § 3730(h) need satisfy only the Rule 8(a) standard. These courts have reasoned that because retaliation claims under the FCA are not dependent on allegations of fraud, Rule 9(b)'s heightened pleading standard does not apply. *See e.g., United States ex rel. Sanchez v. Lymphatx, Inc.,* 596 F.3d 1300, 1304 (11th Cir. 2010); *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.,* 360 F.3d 220, 238 n. 23 (1st Cir. 2004), abrogated on other grounds by *Allison Engine Co., Inc. v. United States ex rel. Sanders,* 553 U.S. 662 (2008); *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1103 (9th Cir. 2008); *United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contr. Co.,* 612 F.3d 724 (4th Cir. 2010); *United States ex rel. Sikkenga v. Regence Bluecross Blueshield,* 472 F.3d 702, 729 (10th Cir. 2006); *United States ex rel. Williams v. Martin–Baker Aircraft Co.,* 389 F.3d 1251, 1259–60 (D.C. Cir. 2004); *Guerrero v. Total Renal Care,*

*Inc.*, 2012 WL 899228, at *3 (W.D. Tex. Mar. 12, 2012); *United States v. Empire Educ. Corp.*, 959 F. Supp. 2d 248, 259 (N.D. N.Y. 2013).

We adopt their reasoning here and hold that because claims brought under § 3730(h) address retaliation issues rather than issues of fraud, Rule 8(a) pleading standards govern. *See Bell Atlantic v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.     The Sufficiency of Plaintiff's Complaint under Rule 8(a)

Federal Rule of Civil Procedure 8(a) establishes a liberal pleading regime in which a plaintiff must provide only a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This reflects the modern policy judgment that claims should be "determined on their merits rather than through missteps in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (citing 2 James W. Moore, et al., *Moore's Federal Practice* § 8.04 (3d ed. 2006)). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In its decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court introduced a more stringent formulation of the pleading requirements under Rule 8. In addition to providing fair notice to a defendant, the Court clarified that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

6

678 (quoting *Twombly*, 550 U.S. at 570).  Plausibility requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do."  *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).  Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  The plausibility of a complaint depends upon the context in which the allegations are situated, and turns on more than the pleadings' level of factual specificity; the same factually sparse pleading could be fantastic and unrealistic in one setting and entirely plausible in another.  *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 370 (M.D. Pa. 2008).

Although *Twombly* and *Iqbal* represent a new gloss on the standards governing the sufficiency of pleadings, they do not overturn the fundamental principle of liberality embodied in Rule 8.  As this court has noted, "Notice pleading is still all that is required, and 'a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'"  *United States v. City of Evansville*, 2011 WL 52467, at *1 (S.D. Ind. Jan. 8, 2011) (quoting *Tamayo*, 526 F.3d at 1083).

To state a claim for retaliatory discharge under the FCA, a plaintiff must allege: (1) that he was engaged in protected conduct under the statute; (2) that Defendants knew he was engaged in protected conduct; and (3) that Defendants were motivated, at least in part, to terminate him because of the protected conduct. *Brandon v. Anesthesia & Pain Mgmt. Assocs.,* 277 F.3d 936, 944 (7th Cir. 2002); 31 U.S.C. § 3730(h).

7

The Hospital challenges Dr. Thomas's Complaint under the first of the three requirements, arguing that it "fail[s] to support a plausible claim that Plaintiff was engaged in 'protected activity' under the FCA's anti-retaliation provision." Dkt. 16 at 7.

Traditionally, protected activity has been defined simply as taking action in furtherance of FCA litigation. However, Congress amended the statute in 2009 to protect employees acting "in furtherance of any action under [the False Claims Act] *or other efforts to stop 1 or more violations of* [the False Claims Act]." 31 U.S.C. § 3730(h)(1) (emphasis added). This amendment expanded the section's protection and has been consistently interpreted thereafter to protect employees who report violations to an internal supervisor. *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 847–48 (7th Cir. 2012).

According to Dr. Thomas's Complaint, throughout the time of his employment with Defendants, he reported his ongoing concerns relating to Medicare, Medicaid, and other insurance fraud to his supervisor, Dr. Cobel. Compl. at ¶ 12. On September 7, 2014, Dr. Thomas sent his written complaints to the EmCare Regional Director, Dr. Stone. *Id.* at ¶ 15. Less than a week later, Dr. Thomas's employment was terminated by Dr. Stone. *Id.* at ¶ 17.

The Hospital maintains that these allegations lack sufficient factual support to survive a motion to dismiss. Dkt. 16 at 7. However, as the Seventh Circuit has made clear, "specific facts are not necessary" in a Complaint. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Instead, "the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.*

Accordingly, we find Dr. Thomas's claim that he reported misconduct to two of his internal supervisors sufficient to allege his engagement in protected activity under § 3730(h)(1). *See Halasa*, 690 F.3d at 847–48 ("In 2009, Congress amended the statute to protect employees from being fired for undertaking 'other efforts to stop' violations of the Act, such as reporting suspected misconduct to internal supervisors.").

Although the Hospital has not directly addressed the essential elements of a claim under § 3730(h), we find them also satisfied here. First, the requirement that Defendants were aware of Plaintiff's protected conduct was clearly alleged here. Compl. at ¶ 12, 15. The Complaint also contains sufficient facts as to the Defendants' motivation to terminate him, at least in part, based on his protected conduct. In order to satisfy Rule 8(a), "The plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Dr. Thomas has done so by alleging that, during the course of his employment, he never received a complaint about his work performance, Compl. at ¶ 11, yet, less than a week after reporting misconduct to EmCare's Regional Director, he was terminated without explaination. Compl. at ¶¶ 17–18. These allegations satisfy all three elements of a retaliatory discharge claim, allowing Dr. Thomas's Complaint to survive the Hospital's motion to dismiss.

## Conclusion

For the foregoing reasons, we DENY Defendant's Motion to Dismiss. Docket No. 15.

IT IS SO ORDERED.            8/24/2015

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
 BLEEKE DILLON CRANDALL ATTORNEYS
jim@bleekedilloncrandall.com

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

Susan C. Lonowski
FROST BROWN TODD LLC
slonowski@fbtlaw.com

Lacey Alanna Napper
FROST BROWN TODD LLC (Louisville)
lnapper@fbtlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Meghan Uzzi Lehner
JOHN H. HASKIN & ASSOCIATES
mlehner@jhaskinlaw.com

John M. Barr
LAW OFFICE OF JOHN M. BARR, P.C.
john.barr@jmblawoffice.com

Crystal D. Pulley

MCCLURE MCCLURE & DAVIS
crystal@pulleylaw.com